# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| Marie Assa'ad-Faltas, | ) | C/A No.: 1:12-2294-TLW-SVH |
| --- | --- | --- |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| The State of South Carolina; The City of Columbia, South Carolina, | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's motion for recusal of the undersigned magistrate judge or for a hearing on all cases referred to the undersigned. [Entry #6]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.).

I.  Factual Background

In support of her motion for recusal, Plaintiff's motion states that the undersigned's brother, Attorney Shahin Vafai, is a law partner of Stephen Savitz, whose daughter, Sara Heather Savitz Weiss, "falsely prosecuted Dr. Assa'ad-Faltas and allegedly suborned perjury against her." [Entry #6]. Plaintiff contends "Attorney Shahin Vafai may have counseled his law partner, Stephan Savitz's, daughter without formally representing her." *Id.*

II. Discussion

A. Standard of Review

The Fourth Circuit has recognized that "there is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Nakell v. Attorney Gen. of N.C.*, 15 F.3d 319, 325 (4th Cir. 1994) (citations and quotations omitted); *see also* Code of Judicial Conduct, Canon 3A(2) ("A judge should hear and decide matters assigned, unless disqualified . . . ."). As the Ninth Circuit summarized:

> This proposition is derived from the "judicial [p]ower" with which we are vested. *See* U.S. Const. art. III, § 1. It is reflected in our oath, by which we have obligated ourselves to "faithfully and impartially discharge and perform [our] duties" and to "administer justice without respect to persons, and do equal right to the poor and to the rich." 28 U.S.C. § 453. Without this proposition, we could recuse ourselves for any reason or no reason at all; we could pick and choose our cases, abandoning those that we find difficult, distasteful, inconvenient or just plain boring . . . .
>
> It is equally clear from this general proposition that a judge may not sit in cases in which his "impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see also id.* § 455(b) (enumerating circumstances requiring recusal). We are as bound to recuse ourselves when the law and facts require as we are to hear cases when there is no reasonable factual basis for recusal. *See Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175, 1179 (9th Cir. 2005); *Nichols v. Alley*, 71 F.3d 347, 352 (10th Cir. 1995). If it is a close case, the balance tips in favor of recusal. *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993).

*United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (alterations and emphasis in original).

Recusal of federal judges is generally governed by 28 U.S.C. § 455.[1] That statute provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). For purposes of this statute, the hypothetical "reasonable person" is not a judge, because judges, who are trained to regard matters impartially and are keenly aware of that obligation, "may regard asserted conflicts to be more innocuous than an outsider would." *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998).

Section 455(a) does not require recusal "simply because of unsupported, irrational or highly tenuous speculation," or because a judge "possesses some tangential relationship to the proceedings." *Cherry*, 330 F.3d at 665 (internal quotation omitted). The Fourth Circuit recognizes that overly cautious recusal would improperly allow litigants to exercise a "negative veto" over the assignment of judges simply by hinting at impropriety. *DeTemple*, 162 F.3d at 287. Recusal decisions under 28 U.S.C. § 455(a) are "fact-driven and may turn on subtleties in the particular case." *Holland*, 519 F.3d at 912.

The statute provides a list of specific instances where a federal judge's recusal is mandated, regardless of the perception of a reasonable observer. 28 U.S.C. § 455(b). For

---

[1] Notably, 28 U.S.C. § 455 largely tracks the language of Canon 3C of the Code of Conduct for United States Judges, which also governs recusal of federal judges.

3

instance, a judge is disqualified "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1).[2] Bias or prejudice must be proven by compelling evidence. *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1025 (7th Cir. 2000). Additionally, a judge should recuse herself if:

> (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
> (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
> (ii) Is acting as a lawyer in the proceeding;
> (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
> (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(b)(5).

B. Analysis

Here, Plaintiff's only alleged basis for recusal is that the undersigned's brother's law partner's daughter prosecuted Plaintiff in a prior case (and allegedly suborned perjury against her) in a state court. [Entry #6].[3] Plaintiff speculates that the undersigned's brother may have counseled his law partner's daughter without formally representing her. *Id.*

---

[2] Similarly, 28 U.S.C. § 144 mandates recusal when a party to a "proceeding in a district court" demonstrates by a timely and sufficient affidavit that the "judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." The procedures for seeking recusal under 28 U.S.C. § 144 differ from those under § 455(b)(1). Furthermore, where actual bias is demonstrated pursuant to 28 U.S.C. § 144, recusal will generally also be required in any event under 28 U.S.C. § 455(a)'s standard of an appearance of bias. Therefore, the standard stated herein focuses on 28 U.S.C. § 455.

[3] To the extent Plaintiff claims the undersigned was aware of the alleged relationship, such an allegation is unfounded.

4

Such a tangential relationship will not support a basis for recusal. For example, the Fourth Circuit found that recusal was not required in the following circumstances: (1) where a bankruptcy judge indicated that he thought the president of the debtor corporation was a "fine man"; (2) in a criminal prosecution arising out of bankruptcy fraud, the judge had previously represented victims of the fraud; (3) where a government witness was the son of the judge's deceased godparents, but the judge had not had contact with the witness in over ten years. *See Cherry*, 330 F.3d at 665–66 (internal citations omitted). Additionally, the conditions for recusal listed in 28 U.S.C. 455(b)(5) do not apply here, as the undersigned's brother has no known involvement or interest in this case. Therefore, because Plaintiff has not set forth a basis for recusal under the law or shown that a reasonable person would question the undersigned's impartiality in this matter, Plaintiff's motion for recusal must be denied.

III.   Conclusion

For the foregoing reasons, Plaintiff's motion to recuse [Entry #6] is denied. Further, the court denies Petitioner's request for a hearing as otherwise unnecessary.

IT IS SO ORDERED.

August 15, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge