IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marie Assa'ad-Faltas, | C/A No.: 1:12-2294-TLW-SVH |
| Petitioner, | |
| vs. | |
| | REPORT AND RECOMMENDATION |
| The State of South Carolina; The City of Columbia, South Carolina, | |
| Respondents. | |

Petitioner Marie Assa'ad-Faltas ("Petitioner") is a resident of Columbia, South Carolina. On August 10, 2012, Petitioner filed a "Complaint"[1] for habeas relief from a conviction for contempt of court entered on October 6, 2010 in the municipal court for the City of Columbia. [Entry #1]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss this case without prejudice and without service of process.

I.      Factual and Procedural Background

This case is the second habeas corpus case filed by Petitioner this month concerning her conviction for contempt of court entered in the municipal court for the

---

[1] Although Petitioner's initial pleading is entitled "Complaint," such pleadings in habeas cases are referred to as petitions. Consequently, Petitioner's initial pleading shall be referred to as a petition herein.

City of Columbia.  *See also Faltas v. State of South Carolina, et al.*, C/A No. 1:12-2228-TLW-SVH.[2]  She alleges the motion for contempt was made by David Fernandez, who is an attorney employed by the City of Columbia.  [Entry #1 at 1].  Petitioner contends that Attorney Fernandez had no right to make such a motion because he is not a solicitor or an assistant solicitor.  *Id.* at 1–2.  Petitioner also asserts that only elected state officers had such authority to do so and that the City of Columbia's attorneys usurped prosecutorial powers to file false criminal charges against her because she has filed civil suits against the City of Columbia.  *Id.* at 4.  Petitioner also alleges that attorneys for the City of Columbia have threatened municipal judges with recommendations of non-renewal of a judge's term if they "dare find a defendant not guilty" in municipal court proceedings.  *Id.* at 4.  Three pages of the petition are quotations or citations to sections of the South Carolina Code of Laws relating to municipal courts.  *Id.* at 2–4.  Petitioner also asserts that the actions by the municipal court for the City of Columbia violate the holding of the Supreme Court in *Jinks v. Richland Cnty.*, 538 U.S. 456 (2003), and 28 U.S.C. § 1367(d).  *Id.* at 6–7.

Petitioner also refers to her conviction for shoplifting.  *Id.* at 5.  Petitioner's conviction for shoplifting was initially affirmed on direct appeal in *City of Columbia v. Assa'ad-Faltas*, Opinion No. 2005-UP-143 (S.C. Ct. App. Mar. 1, 2005), but the municipal court for the City of Columbia later granted Petitioner's motion for new trial

---

[2] This court takes judicial notice of Petitioner's prior related cases.  *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

because evidence was presented showing discrepancies relating to the photograph submitted at trial. The municipal prosecutors appealed the grant of the new trial. The state circuit court reversed the municipal court, but Petitioner successfully appealed to the South Carolina Court of Appeals. *See City of Columbia v. Assa'ad-Faltas*, Opinion No. 2007-UP-193 (S.C. Ct. App. Apr. 26, 2007). According to Petitioner, she has not been re-tried on the shoplifting charge, but prosecutors have sought a psychiatric examination of her. *See Faltas v. State of South Carolina, et al.*, C/A No. 1:12-2228-TLW-SVH, Entry #1 at 12. In her prayer for relief, Petitioner seeks summary judgment in her favor. [Entry #1 at 7].

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court ("Section 2254 Rules"), the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104–132, 110 Stat. 1214, and other habeas corpus statutes. Pro se petitions are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se petition, the petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the

court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

1. Petitioner is not in custody

Petitioner hand-delivered her petition to the Intake Section of the Clerk's Office in Columbia on Monday, August 10, 2012. [Entry #1-1]. It is well-settled that an individual must be "in custody" in order to be eligible for federal habeas corpus relief. *See* 28 U.S.C. § 2241(c); 28 U.S.C. § 2254(a); *Carafas v. La Vallee*, 391 U.S. 234, 238 (1968). The "in custody" requirement must be satisfied at the time the petition is filed with the federal district court. *See Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) ("We have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed"). Petitioner's ability to personally enter the Intake Section of the Clerk's Office in Columbia on August 10, 2012 indicates that she was not "in custody" when she filed the petition and paid the five-dollar filing fee.

2. Petitioner has not exhausted her state court remedies

Petitioner does not disclose the disposition of the appeal from the finding of contempt by the municipal court for the City of Columbia. Moreover, Petitioner is

awaiting re-trial on the now-vacated conviction for shoplifting. A federal court may not interfere with pending state court criminal proceedings such as Petitioner's pending re-trial on the shoplifting charge. *See*, *e.g.*, *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Nivens v. Gilchrist*, 319 F.3d 151, 158–62 (4th Cir. 2003).

The judgment in Petitioner's shoplifting case will not become final until (or if) she is convicted and sentenced on re-trial. Once Petitioner is convicted and sentenced, if at all, she may file a direct appeal. *See* S.C. Code Ann. § 14-3-330; Rule 201, SCACR. If her direct appeal is unsuccessful, Petitioner can file an application for post-conviction relief. *See* S.C. Code Ann. § 17-27-10. If a South Carolina litigant's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, she can file an "appeal" (petition for writ of *certiorari*) in that post-conviction case. *See* S.C. Code Ann. § 17-27-100. Moreover, Petitioner can still file an application for post-conviction relief even if she is convicted on re-trial, but is not sentenced to jail or prison. *See Jackson v. State*, 489 S.E.2d 915, 916 (S.C. 1997) ("Therefore, the trial court erred in holding petitioner must be in custody in order to have standing."). Petitioner has the aforementioned available state court remedies if she is convicted on re-trial and is not entitled to federal habeas relief until she has exhausted those state remedies.

3. State law grounds are not a basis for federal habeas corpus relief

Many of Petitioner's claims for relief are based on alleged violations of South Carolina law relating to the authority of attorneys employed by municipalities or other political subdivisions and the authority of elected solicitors and appointed assistant

solicitors. [Entry #1 at 1–4]. State law grounds are not a basis for federal habeas corpus relief. *See Wright v. Angelone*, 151 F.3d 151, 157–58 (4th Cir. 1998). As a result, Petitioner is not entitled to habeas corpus relief on her grounds based on state law.

> 4. The Supreme Court's decision in *Jinks v. Richland County, S.C.* is not applicable to habeas corpus actions

In *Jinks v. Richland Cnty.*, 538 U.S. 456 (2003), the Supreme Court held that the tolling provisions of 28 U.S.C. § 1367(d) were applicable to civil claims against a state's political subdivision brought in a state court. Title 28 U.S.C. § 1367(d) concerns the tolling provisions under a court's *civil* "supplemental jurisdiction" and does not affect how a federal district court adjudicates habeas corpus cases. The federal statutory provisions affecting federal habeas corpus cases appear at 28 U.S.C. § 2241–2266. Accordingly, Petitioner is not entitled to habeas corpus relief based on the holding in *Jinks*.

III. Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

August 23, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).